

Philip J. Layfield
c/o Maximum Legal Holdings, LLC
8 The Green
Suite 6426
Dover, Delaware 19901
Telephone: (302) 401-6804
phil@maximum.global

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Philip James Layfield<br><br>Debtor | Case No.: 2:18-bk-15829-NB<br><br>Adversary Case No.: 2:19-ap-01071-NB<br><br>Assigned to: Hon. Neil Bason |
| RICHARD M. PACHULSKI, Chapter 11 Trustee for the bankruptcy estate of Layfield & Barrett, APC,<br><br>Plaintiff,<br><br>vs.<br><br>PHILIP JAMES LAYFIELD | ANSWER OF PHILIP JAMES LAYFIELD<br><br>S/C 5/21/19<br>11:00 am<br>1545 15th fl. |

DEFENDANT PHILIP LAYFIELD HEREBY RESPONDS TO PLAINTIFFS' COMPLAINT.

Defendant, Philip James Layfield hereby denies each and every allegation contained in the complaint.

### SEPARATE AFFIRMATIVE DEFENSES
### AFFIRMATIVE DEFENSE
#### (Failure to State a Claim)

Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against the Defendant.

**AFFIRMATIVE DEFENSE**

**(Denial of Damages)**

Defendant denies that Plaintiff has been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission by Defendant.

**AFFIRMATIVE DEFENSE**

**(Good Faith Immunity)**

Defendant pleads that he acted without malice and with good faith at all relevant times and therefore enjoys good faith immunity from suit.

**AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

The Complaint and each cause of action therein is barred by the applicable statutes of limitation.

**AFFIRMATIVE DEFENSE**

**(Reckless and Wanton)**

107. Defendant alleges that at all time mentioned in the Complaint, Plaintiff acted in a careless, reckless, wanton and negligent manner in our about the matters set forth in the Complaint, that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by Plaintiff, that as a consequence, Plaintiff's claims are barred.

**AFFIRMATIVE DEFENSE**

**(Negligence)**

108. Defendant alleges Plaintiff's claims are barrred because Plaintiff failed to exercise reasonable and ordinary care, caution, or prudence in handling its affairs in relation to the Layfield & Barrett. Any damages alleged (the existence of which damage Defendant denies) were proximately caused and contributed to by Plaintiff's own negligence, or by some other third party over whom Defendants exercised no control, including Todd Wakefield, Joseph Barrett, Mark Aveis, Mark Speidel, Juan Dominguez, Jeffrey Golden, Advocate Capital, and others.

**AFFIRMATIVE DEFENSE**

**(Consent)**

Plaintiff acknowledged, ratified, consented to, and/or acquiesced in the alleged acts or omissions, if any, of this Defendant, thus, barring Plaintiff's recovery.

**AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff failed to take reasonable efforts to mitigate their alleged damages, if any, and recover should not be allowed for damages, if any, that Plaintiff should have foreseen and could have avoided by reasonable effort. This lawsuit is nothing more than a sham.

**AFFIRMATIVE DEFENSE**

**(Proximate Cause Lacking)**

Defendant's alleged acts or omissions, if any, were not the proximate cause of any injury suffered by Plaintiff.

**AFFIRMATIVE DEFENSE**

**(Estoppel)**

Plaintiff's claims are barred by the defense of equitable estoppel.

**AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiff's claims are barred by the doctrine of unclean hands.

**AFFIRMATIVE DEFENSE**

**(Laches)**

Defendant alleges Plaintiff's claims are barred by the doctrine of laches.

**AFFIRMATIVE DEFENSE**

**(In Pari Delicto)**

Defendant alleges Plaintiff's claims are barred by the doctrine of in pari delicto

## AFFIRMATIVE DEFENSE
### (Ratification)

Defendant alleges Plaintiff's claims are barred by the doctrine of ratification

## AFFIRMATIVE DEFENSE
### (Set-Off)

Defendant alleges Plaintiff's claims are barred or reduced by the doctrine of set-off.

## AFFIRMATIVE DEFENSE
### (Consent and Approval)

Defendant alleges Plaintiff's claims are barred because Plaintiff consented to and approved the acts and omissions as well as the subject transfers about which Plaintiff now complains.

## AFFIRMATIVE DEFENSE
### (No Privity of Contract)

Defendant alleges that Plaintiff's claims are barred because they are rooted in contract and because Plaintiff is not in privity of contract with Defendant. Plaintiff's claims are barred.

## AFFIRMATIVE DEFENSE
### (Reservation of Defenses)

Defendant may have other separate and/or additional defenses of which he is not aware and hereby reserves the right to assert such defenses by amendment of this answer.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

A. **On His Answer Against Wellgen**

1. That Plaintiff takes nothing by way of this Complaint;

2. That the Court dismiss with prejudice Plaintiff's Complaint and each purported cause of action alleged therein;

3. That judgment be entered against Plaintiff and in favor of Defendant;

4. That the Court award Defendant the cost of suit and attorneys' fees (including time Defendant has spent on this matter in pro se);

Dated: March 24, 2019

Philip Layfield

## DEMAND FOR JURY TRIAL

Defendant, Counterclaim Plaintiff and Cross-Claim Plaintiff hereby demands trial by jury on all counts herein.

Dated: March 24, 2019

_____
Philip Layfield