| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Philip J. Layfield, Pro Se<br>8 The Green<br>Suite 6426<br>Dover, DE 19901<br>(302) 401-6804<br><br>☒ Individual appearing without attorney<br>☐ Attorney for: | FOR COURT USE ONLY<br><br>**FILED**<br>AUG 14 2019<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:          Deputy Clerk |
|---|---|

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>Philip James Layfield<br><br>Debtor<br><br>---<br><br>Richard M. Pachulski, Chapter 11 Trustee for the bankruptcy estate of Layfield & Barrett, APC<br><br>Plaintiff,<br><br>v.<br><br>Philip James Layfield<br><br>Debtor(s). | CASE NO.: 2:19-ap-01071-NB<br>CHAPTER: 7<br><br>**NOTICE OF MOTION FOR:**<br>PHILIP LAYFIELD'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>*(Specify name of Motion)*<br><br>DATE: 09/10/2019<br>TIME: 2:00 pm<br>COURTROOM: 1545<br>PLACE: 255 East Temple Street, Los Angeles, CA 90012 |
|---|---|

1. TO (*specify name*): <u>The Honorable Neil Bason, Chapter 7 Trustee Wesley Avery and other Interested Parties</u>

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 1    F 9013-1.1.HEARING.NOTICE

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date: 08/11/2019

_____
Printed name of law firm

_____
Signature

Philip Layfield Pro Se
Printed name of attorney

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                                          Page 2                                              **F 9013-1.1.HEARING.NOTICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
8 The Green, Suite 6426, Dover, DE 19901

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION FOR** (*specify name of motion*) PHILIP LAYFIELD'S MOTION FOR JUDGMENT ON THE PLEADINGS

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 08/12/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge **will be completed** no later than 24 hours after the document is filed.

Clerk of the Court, 255 E. Temple Street, Los Angeles, CA 90012 (Pursuant to Judge's Special Procedure dated 10/22/2018 Docket #128 (clerk shall issue NEF and Debtor is not required to serve those parties on List to receive NEF
Malhar Hussain Pagay, Pachulski Stang Ziehld, 10100 Santa Monica Blvd. 13th Floor, Los Angeles CA 90067

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge **will be completed** no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/12/2019 | Christine Layfield | /s/ Christine Layfield |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Philip J. Layfield
c/o Maximum Legal Holdings, LLC
8 The Green
Suite 6426
Dover, Delaware 19901
Telephone: (302) 401-6804
phil@maximum.global

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Philip James Layfield<br><br>Debtor<br><br>RICHARD M. PACHULSKI, Chapter 11 Trustee for the bankruptcy estate of Layfield & Barrett, APC,<br><br>Plaintiff,<br><br>vs.<br><br>PHILIP JAMES LAYFIELD, ET. AL. | Case No.: 2:18-bk-15829-NB<br><br>Adversary Case No.: 2:19-ap-01071-NB<br><br>Assigned to: Hon. Neil Bason<br><br>**PHILIP LAYFIELD'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date: September 10, 2019<br>Time: 2:00 pm<br>Courtroom 1545 |

**TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE; WESLEY H. AVERY, CHAPTER 7 TRUSTEE; AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

YOU ARE HEREBY NOTIFIED THAT on September 10, 2019, at 2:00 p.m., or as soon thereafter as the matter can be heard, before the Honorable Neil Bason, United States Bankruptcy Judge, in Courtroom 1545, located at 255 East Temple Street, Los Angeles, California, Debtor Philip James Layfield will bring before the Court its motion entitled "**PHILIP LAYFIELD'S MOTION FOR JUDGMENT ON THE PLEADINGS**" (the

"Motion"), seeking to dismiss the Adversary Complaint filed by plaintiff, Richard Pachulski ("Pachulski").

**First,** Plaintiff has failed to satisfy the pleading requirements under his First Claim for Relief. Under § 523(a)(2), there are two circumstances in which a debt is nondischargeable. First, a debt for money or property is not dischargeable if it was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's . . . financial condition." The creditor must prove that: (1) the debtor made the representation; (2) the debtor knew the representation was false at the time made; (3) the debtor made the representation with the intention and purpose of deceiving the creditor; (4) the creditor relied on the representation; and (5) the creditor sustained damages as a proximate result. In re Kirsh, 973 F.2d 1454, 1457 (9th Cir.1992). Plaintiff must plead with particularity each element of his claim. Here, the Complaint fails to allege any of the four required elements in its Complaint. In fact, Plaintiff does not even attempt to do so other than asserting broad legal conclusions in ¶ 17 of the Complaint.

**Second,** Plaintiff has failed to satisfy the pleading requirements under his Second Claim for Relief. Under § 523(a)(4), Plaintiff fails to allege fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. Plaintiff fails to allege that Layfield was acting in a fiduciary capacity to L&B anywhere in the Complaint. Plaintiff also fails to allege larceny or embezzlement by Layfield in relation to L&B.

**Third,** Plaintiff has failed to satisfy the pleading requirements under his Third Claim for Relief. Under § 523(a)(6), Plaintiff has failed to satisfy the standard for "willful and malicious injury" to L&B. The Ninth Circuit Court of Appeals set forth the standard for "willful and malicious injury" in the case of *In re Cecchini*, 780 F.2d 1440 (9th Cir.1986) as follows:

"When a wrongful act such as conversion, done intentionally, necessarily produces harm and is without just cause or excuse, it is 'willful and malicious' even absent proof of a specific intent to injure."

*Id.* at 1443. *See also In re Britton,* 950 F.2d at 605.

Here, in ¶ 25 of the Complaint, Plaintiff asserts that the transfer by Layfield "[o]f the $1,002,500 that was transferred by Defendant to his personal account and his converted at least approximately $8,696, 376.44 in settlements due to L&B's clients constituted the willful and malicious injury by Defendant." Plaintiff attempts to step into the shoes of third parties that may or may not have valid claims against Defendant. This is both legally and procedurally improper. Furthermore, because L&B is also in bankruptcy, Pachulski must allege that damages currently exist as a result of his allegations. If none of the purported clients made claims in the L&B bankruptcy case, then Pachulski would obtain a windfall by making claims on behalf of third parties that have not made claims against the L&B estate. If Defendant did convert monies owed to third parties (i.e., clients of L&B), then those clients would be the proper claimants for nondischargeability and not Pachulski. Further, even if Pachulski were the proper party to bring these claims of third parties, which he is not, Pachulski still fails to satisfy his pleading requirements. Pachulski does not allege that Layfield was not entitled to transfer the $1,002, 500 to his personal account or that it was wrongful for him to do so. Nowhere in the Complaint does Pachulski allege any ownership or rights to the $8.9 million purportedly converted by Layfield. Pachulski also fails to satisfy the standard for willful and malicious injury as set forth in *In Re Littleton,* 945 F.2d 551 (9th Cir. 1991). Pachulski does not allege that the transfers or the conversion was without just cause or excuse, which is a requirement to plead with specificity. Id.

**Fourth,** Pachulski intentionally misleads this court about the existence of the State Bar of California Client Security Fund. The California State Bar Client Security Fund ("CSF") will reimburse L&B clients up to $100,000 in losses as a result of theft of personal injury settlements. Pachulski is aware of this fact and has directed each and every L&B client that contacts his office to make a claim with the client security fund. Thus, if a client is reimbursed by the CSF, those clients have no valid claim against L&B. Pachulski is attempting to "double-dip" for damages which he is not entitled.

**Fifth,** Pachulski is attempting to bring a claim for "speculative, future or possible" damages

3

1   that do not exist. Unless and until L&B has suffered actual damages from the purported $8.9 million
2   of conversion by Layfield, Pachulski is not able to maintain any action against Layfield. A creditor
3   must have suffered actual damages and not speculative future damages.
4       **Sixth,** there is no *res judicata* or *collateral estoppel* available to Pachulski/L&B as a result of
5   the two purported state court actions. Pachulski is not entitled to *res judicata* or *collateral estoppel*
6   to form the basis of his claims against Layfield because the requirements of *res judicata or collateral*
7   *estoppel* have not been met. *In re Gottheiner* F.2d 1136 (9th Cir. 1983). Furthermore, even if the
8   requirements of had been met. Pachulski has failed to satisfy the pleading requirements of *res*
9   *judicata or collateral estoppel* because Pachulski has failed to include certified copies of the Orders
10  forming the basis of his claims nor has he plead with particularity the specifics of those orders.
11      **Seventh,** Paragraph 10 of the Complaint is fatally flawed in that a purported State Court
12  Minute Order involving only Layfield can in no way impact a contract between an L&B client and
13  L&B. Here, Pachulski claims that while L&B was in bankruptcy and the automatic stay was in place
14  with respect to L&B, that somehow a State Court judge made a ruling that L&B's fee agreement was
15  somehow impacted by the conduct of Layfield. This purportedly occurred while L&B was a party to
16  the State Court lawsuit, but the suit was stayed as to L&B. Now, Pachulski claims harm to L&B by
17  virtue of a minute order that somehow implicates L&B's right to fees in a proceeding that was stayed
18  as to L&B. If the legal outcome did occur as Pachulski suggests, than as Trustee, Pachulski should
19  seek to hold the L&B client in violation of the automatic stay and seek to nullify the order rather than
20  pursue a manufactured claim against Layfield. Pachulski's argument is disingenuous, absurd on its
21  face and should be rejected.
22
23      YOU ARE ALSO HEREBY NOTIFIED that the Motion is based upon this Notice of
24  Motion and Motion, the attached Memorandum of Points and Authorities (with the declarations
25  and exhibits attached thereto), the records and files in the above-captioned chapter 7 case, and
26  such additional evidence and argument as may be presented at or before the hearing on the
27  Motion.
28

PLEASE TAKE FURTHER NOTICE that pursuant to Local Bankruptcy Rule 9013-1(f), a formal response to the Motion must be filed with the Bankruptcy Court and served on Debtor, Philip James Layfield at least fourteen (14) days before the hearing. Pursuant to Local Bankruptcy Rule 9013-1(h), failure to file and serve timely a response in accordance with the Local Bankruptcy Rules may be deemed by the Bankruptcy Court to be consent to the granting of the relief requested in the Motion.

Dated: August 11, 2019

_____
Philip J. Layfield, Pro Se

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant and Debtor Philip Layfield ("Layfield") hereby moves for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

### 1. INTRODUCTION

As part of a conspiracy between Pachulski and others to harm Layfield, Pachulski has filed yet another frivolous and baseless claim in an attempt to trump up non-existent claims against Layfield. As set forth in this motion, Pachulski has utterly failed to establish any viable claims against Layfield and his Complaint must be dismissed. As will be demonstrated, Pachulski has brought this action not only for an improper purpose, but actually runs afoul of Rule 11 for his failure to properly investigate claims, intentionally misrepresenting the law and for asserting claims he knows that he is not legally permitted to assert. Because Pachulski made the mistake of improperly adopting a false narrative perpetrated by Todd Wakefield and Joe Barrett regarding Layfield's alleged theft of tens of millions of dollars in client funds, the subsequent hiding of those funds in secret offshore accounts and the fleeing of Layfield to avoid prosecution to Costa Rica, rather than admit is mistaken reliance on the false narrative, Pachulski is now doubling down on his mistake. Unfortunately for Pachulski, neither the facts nor the law are on his side for purposes of propping up his fatally defective complaint and his fatally defective strategy to harm Layfield.

### 2. STATEMENT OF FACTS

As this is a motion for judgment on the pleadings, the court is to look at the allegations found in the four corners of Plaintiff's complaint, to the extent said complaint contains any facts.

### 3. PARTIES AND CLAIMS FOR RELIEF

Plaintiff in this action is Richard M. Pachulski, Chapter 11 Trustee for the bankruptcy estate of Layfield & Barrett, APC. Defendant is Philip James Layfield.

Plaintiff's Complaint contains three claims for relief- (1) Nondischargeability of Debt pursuant to 11 U.S.C. § 523(a)(2)(A); (2) Nondischargeability of Debt pursuant to 11 U.S.C. § 523(a)(4); (3)

1  Nondischargeability of Debt pursuant to 11 U.S.C. § 523(a)(2)(6)

**4. STANDARD FOR MOTION FOR JUDGMENT ON THE PLEADINGS**

Philip Layfield's Motion for Judgment on the Pleadings is brought pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the basis that the Complaint fails to state a claim. "The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing. Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." Dworkin v. Hustler Magazine Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). The analogous Rule 12(b)(6) provides that an action will be dismissed for failure to state a claim upon which relief may be granted. Conclusory allegations of law or unwarranted inferences of fact urged by the nonmoving party are insufficient to defeat a motion to dismiss. Ove v. Gwinn, 264 F.3d 817, 821 (9th Cir. 2001) (emphasis added). In addition, a court's obligation to construe allegations in the light most favorable to the nonmoving party does not mean that those allegations must be construed in a light favorable to the nonmoving party, if such a construction cannot reasonably be made. Id. Moreover, dismissal is proper if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

In determining a Rule 12(b)(6) motion to dismiss, which is the standard for Rule 12(c) motions, the Court must accept all the plaintiff's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (citation omitted). Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp v. Towmbly, 550 U.S. 554, 570, 127 S.Ct. 1955, 1974 (2007)).

A dismissal pursuant to 12(c) is *with prejudice.* LaRue v. Dewolff, Boberg & Associates, Inc. 450 F.3d 540 (4th Cir. 2006; U.S. ex rel Bledoe v. Community Health Systems, Inc. 501 F.3d 493, 2007 WL 2492439 (6th Cir. 2007). Although the court accepts all well-plead material allegations as

1 | true and draws all reasonable inferences therefrom in favor of the non-moving party, the Court cannot
2 | accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of
3 | factual allegations. See: *In re Rockefeller Ctr. Props., Inc. Secs. Litig.* 311 F.3d 198, 215 (3d. Cir.
4 | 2002; *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d. Cir. 1996); *Twombly*, 127 S.Ct.
5 | at 1964. Here, Plaintiff asserts only eight paragraphs of alleged facts. See Complaint ¶¶ 6-13.

## 5. ARGUMENT

### a. Plaintiff fails to state a cause of action pursuant to 11 U.S.C. § 523(a)(2)(A)

In order to make a prima facie case for fraud under section 523(a)(2)(A), Plaintiff must prove the following five elements by a preponderance of the evidence: 1. that the debtor made a representation; 2. that at the time he knew the representation was false; 3. that he made it with the intention and purpose of deceiving the creditor; 4. that the creditor relied on such representation; and 5. that the creditor sustained the alleged loss and damage as the proximate result of the representation. First Card Servs., Inc. v. Team Motorsports, Inc. and Greg Godbout (In re Team Motorsports, Inc.), 227 B.R. 427, 430 (Bankr. D.S.C. 1998). See also Am. Express Centurion Bank v. Truong (In re Truong), 271 B.R. 738, 744 (Bankr. D. Conn. 2002). Thus, in order to meet the Rule 12(b)(6) standard under Iqbal and Twombly, Plaintiff must plead facts sufficient to satisfy each of these five elements.

Section 523(a)(2)(A) excepts from discharge any debt "for money, ... to the extent obtained by false pretenses, a false representation, or actual fraud...." The § 523(a) analysis begins with recognition of the general rule that debts and liabilities based solely upon a breach of contract are not excepted from discharge under this section. *Sandak v. Dobrayel (In re Dobrayel)*, 287 B.R. 3, 12 (Bankr.S.D.N.Y.2002). A cause of action lies under § 523(a)(2)(A) if the alleged facts, if true, would support a finding of false pretenses, a false representation or actual fraud "other than a statement respecting the debtor's or an insider's financial condition" under § 523(a)(2)(A). False pretenses, false representation, and actual fraud represent differing concepts. *Vidomlanski v. Gabor (In re Gabor)*, 2009 WL 3233907, *4, 2009 Bankr.LEXIS 3110, at *11 (Bankr.S.D.N.Y. Oct. 8, 2009) (*citing In re Dobrayel*, 287 B.R. at 12), but in each case, a creditor must show that the debtor's actions were purposefully deceptive or misleading. *See Cochran v. Reath (In re Reath)*, 368 B.R. 415, 422 (Bankr. D.N.J.2006) (courts have routinely inferred requirements

establishing intent, reliance and materiality in applying § 523(a)(2)(A)).

To prove that a debtor acted by false pretenses, the plaintiff must show: (1) an implied misrepresentation or conduct by the debtor; (2) promoted knowingly and willingly; (3) to create a contrived and misleading understanding of the transaction on the part of the plaintiff; and (4) which wrongfully induced plaintiff to advance money, property, or credit to the debtor. *In re Gabor*, 2009 WL 3233907, *4, 2009 Bankr.LEXIS 3110, at * 12 (*citing Lubit v. Chase (In re Chase)*,372 B.R. 125, 128 (Bankr.S.D.N.Y.2007)). To prevail on a claim of false representation, the plaintiff must show: (1) debtor made an express false or misleading statement; (2) with the intent to deceive; (3) on which the creditor justifiably relied; and (4) in order to induce the creditor to turn over money or property to the debtor. *Id. (citing Weiss v. Alicea (In re Alicea),* 230 B.R. 492, 500 (Bankr.S.D.N.Y.1999)). "Actual fraud" as used in § 523(a)(2)(A) means common law fraud, provable by showing: (1) a representation made by debtor to the creditor; (2) debtor's knowledge of the falsity when the representation was made; (3) debtor's intent to deceive in making such representation; (4) creditor's justifiable reliance; and (5) creditor's damage as a result. *Id* 2009 WL 3233907, *5, 2009 Bankr.LEXIS 3110 at *13 (*citing In re Dobrayel,* 287 B.R. at 12 n. 3 (internal citation omitted)). A creditor must plead and show each element of fraud in order to sustain a finding that a debt is nondischargeable under § 523(a)(2), including intent on the part of the debtor to deceive at the time the debt was created. *Dawley v. Gould (In re Gould),* 73 B.R. 225, 227 (Bankr.N.D.N.Y.1987). "It is insufficient to show that a debtor left unfulfilled a prior representation or promise." *Id. (citing cases).*

Nowhere in paragraphs 6-13 of the complaint does Plaintiff allege any of the requirements to support a finding of false pretenses, false representation or actual fraud as to L&B. In fact, the complaint is completely devoid of any allegations as to L&B in relation to Layfield.

4

### b. Plaintiff fails to state a cause of action pursuant to 11 U.S.C. § 523(a)(4)

Section 523(a)(4) provides in relevant part:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

As an initial matter, nowhere in the Complaint does Plaintiff allege any facts to support that Layfield was acting in a fiduciary capacity. As a result, Plaintiff fails to satisfy the first prong of this section. Under federal law, embezzlement in the context of nondischargeability requires three elements: "'(1) property rightfully in the possession of a nonowner; (2) nonowner's appropriation of the property to a use other than which [it] was entrusted; and (3) circumstances indicating fraud.'" *In re Littleton*, 942 F.2d 551, 555 (9th Cir.1991) (citing *In re Hoffman*, 70 B.R. 155, 162 (Bankr. W.D.Ark.1986); *In re Schultz*, 46 B.R. 880, 889 (Bankr.D.Nev.1985)). Embezzlement does not require the existence of a fiduciary relationship. *Id.* (citing *In the Matter of Shuler*, 21 B.R. 643 (Bankr.D.Idaho 1982); *In re Talcott*, 29 B.R. 874, 878 (Bankr.D.Kan. 1983)). Again, Plaintiff makes no allegations as relating to L&B to satisfy any of the three required elements above. Plaintiff only makes references to state court proceedings that have no bearing on L&B and Plaintiff fails to attach copies of those purported judgments.

Finally, Larceny is the fraudulent and wrongful taking and carrying away the property of another with intent to convert such property to the taker's use without the consent of the owner. 3 COLLIER ON BANKRUPTCY ¶ 523.14[3] (16th ed. 2010). Larceny is distinguished from embezzlement in that the original taking of the property was unlawful. *Id.* Here, nowhere in the Complaint does Plaintiff allege any facts supporting a finding of larceny.

### c. Plaintiff fails to state a cause of action pursuant to 11 U.S.C. § 523(a)(6)

Section 523(a)(6) prevents an individual debtor from discharging any debt that is the result of "willful and malicious injury." The terms "willful" and "malicious" are separate elements. *Rescuecom Corp. v. Khafaga (In re Khafaga)*, 419 B.R. 539, 548-49 (Bankr.E.D.N.Y.2009) (*citing Rupert v. Krautheimer (In re Krautheimer)*, 241 B.R. 330, 340 (Bankr. S.D.N.Y.1999)); *Chaffee v. Chaffee (In re Chaffee)*, 2009 WL 2872834, *3, 2009 Bankr.LEXIS 2644, at *9 (Bankr.N.D.N.Y. Jan. 12, 2009). Both must therefore be satisfied in order for Plaintiff to prevail on any of his § 523(a)(6) claims. As an initial matter, Plaintiff does not make any allegation specific to L&B in its Complaint. In fact, Plaintiff refers to willful and malicious injury to third parties which is not only improper for purposes of establishing a claim for nondischargebility, but the willful and malicious behavior must be directed at L&B's property to support a claim under this section. *In re Littleton*, 106 B.R. 632, 636 (9th Cir. BAP 1989).

Speaking to the willful element of § 523(a)(6), the Supreme Court specifically rejected a broad interpretation of the exception by narrowly holding that "nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S. Ct. 974, 140 L. Ed. 2d 90 (1998) (emphasis in original). The injury itself must be desired and in fact anticipated by the debtor in order for the debt to be excepted from discharge. *Id.* Thus, "[d]ebts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Id.* at 64, 118 S. Ct. 974. The term malicious refers to the debtor's motivation in committing the act and has been defined by the Second Circuit to mean "wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will." *Navistar Fin. Corp. v. Stelluti (In re Stelluti)*, 94 F.3d 84, 88 (2d Cir.1996) (citations omitted). Actual or constructive malice will suffice, *In re Khafaga*, 419 B.R. 539, 550, and may be imputed to the debtor in cases where a debtor seeks profit or some other benefit only upon a finding

of aggravating circumstances. *id.* (collecting cases holding that an intentional breach of contract, without more, generally will not satisfy the malicious element).

Plaintiff does not allege anywhere in the Complaint that Layfield had the requisite state of mind to satisfy even the willfulness prong of § 523(a)(6). Plaintiff does not specifically allege that Layfield intended to injure L&B anywhere in the Complaint. As such, none of the allegations contained in the Complaint are actionable under § 523(a)(6). In fact, as Pachulski well knows, Layfield had the good faith and sincere intentions to keep the business going. Pachulski knows that Layfield made many attempts to keep the business going while Pachulski's only desire was to liquidate the business. Layfield's conduct is on the opposite end of the spectrum of his former partners Todd Wakefield and Joseph Barrett. Barrett and Wakefield destroyed evidence, broke into L&B offices after they were no longer employed, stole mail, drained a Wells Fargo bank account the night before the first hearing in the Nguyen matter, attempted to collect fees for L&B matters to which they were not entitled, filed a fraudulent bankruptcy petition and made false reports to law enforcement about Layfield fleeing the country with millions of dollars. Both Barrett and Wakefield knew of the wrongfulness of their conduct. There is no allegation that Layfield committed any wrongful acts against L&B in the entire complaint although the court could take judicial notice of the wrongful acts of Barrett and Wakefield. As the 9th Circuit held in *In Re Littleton*, 942 F.2d 551 (9th Cir. 1991), even though the debtor used Transamerica's cash proceeds that should have been segregated, and although debtors understood that by using proceeds from the sale of collateral to pay other business debts in violation of the security agreement, debtors good faith and sincere intentions to keep the business going were sufficient to overcome nondischargeability. The facts in *Littleton* more closely resemble Layfield's alleged conduct than the outrageous behavior of Layfield's former partners who can't even be truthful about their knowledge of routine L&B business matters.

**d. Pachulski Conceals the Fact that the Alleged Harm to the Clients will be Reimbursed by the State Bar Client Security Fund**

7

As Pachulski is well aware, any L&B client that inquires about losses resulting from the demise of L&B were directed by Pachulski and his law firm to make a claim with the State Bar Client Security Fund (CSF). For Pachulski to now attempt to claim harm to L&B as a result of alleged harm to former L&B clients by Layfield is not in good faith. The bottom line is simple, clients making claims for losses will be compensated by the CSF. Pachulski's attempt to grandstand in order to allege a multi-million loss against Layfield should be disregarded. Not only does Pachulski not have standing to make claims on behalf of former L&B clients, L&B will not be responsible for those losses even if they were proven against L&B.

**e. Pachulski is making claims for non-existent damages that are remote and speculative**

Nowhere in the Complaint does Pachulski claim that L&B has suffered any actual damages. The only place Pachulski even purports to make a claim is in paragraph 11 of the Complaint where he claims that L&B would have been entitled to a forty-percent contingency fee with the Nguyen matter. Again, Pachulski fails to allege how it is legally possible for a State Court ruling against Layfield, which has no legal bearing on L&B may support a claim for damages.

**f. Pachulski has no standing to claim *res judicata or collateral estoppel* against Layfield**

There is no *res judicata* or *collateral estoppel* available to Pachulski/L&B as a result of the two purported state court actions. Pachulski is not entitled to *res judicata* or *collateral estoppel* to form the basis of his claims against Layfield because the requirements of *res judicata or collateral estoppel* have not been met. The 9th Circuit has laid out the test for collateral estoppel and res judicata:

> Collateral estoppel will preclude relitigation of issues that have already been litigated in and were necessary to a prior judgment. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979); *Mendoza v. United States*, 672 F.2d 1320, 1325 (9th Cir.1982). Its use as a means of avoiding needless litigation is left to the broad discretion of the trial court. *Id. In re Gottheiner* F.2d 1136 (9th Cir. 1983).

Collateral estoppel is not generally applicable unless there exists either identity or privity between

8

the parties to the relevant litigation. The person being estopped from relitigating an issue must have been either a party to the prior lawsuit or have been so closely related to the interest of the party to be fairly considered to have had his day in court. <u>Chicago, Rock Island and Pacific Railway Co. v. Schendel</u>, 270 U.S. 611, 618, 46 S.Ct. 420, 423, 70 L.Ed. 757 (1926); <u>Hinkle Northwest, Inc. v. SEC</u>, 641 F.2d 1304, 1309 (9th Cir.1981). Furthermore, even if the requirements of had been met, Pachulski has failed to satisfy the pleading requirements of *res judicata or collateral estoppel* because Pachulski has failed to include certified copies of the Orders forming the basis of his claims nor has he plead with particularity the specifics of those orders.

g. **The prior state court matters were not actually litigated so no *Res Judicata or Collateral Estoppel* is available**

Another prerequisite to the application of collateral estoppel is that the disputed issue must have been actually litigated in the prior proceeding. *General Teamsters, Auto Truck Drivers and Helpers Local 162 v. Mitchell Brothers Truck Lines*, 682 F.2d 763, 768 (9th Cir.1982); *American Triticale, Inc. v. Nytco Services, Inc.*, 664 F.2d 1136, 1147 (9th Cir.1982).

Some types of judgments are not given collateral estoppel effect because the court did not get the benefit of deciding the issue in an adversarial context. In the case of a default judgment, for example, a party may decide that the amount at stake does not justify the expense and vexation of putting up a fight. The defaulting party will certainly lose that lawsuit, but the default judgment is not given collateral estoppel effect. *Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir.1981); *Commonwealth of Massachusetts v. Hale*, 618 F.2d 143, 146 (1st Cir.1980); *Matter of McMillan*, 579 F.2d 289, 293 (3d Cir.1978). Here, both purported state court matters were decided by default and neither Pachulski nor L&B were parties to those proceedings. Not only did Layfield not participate in those proceedings, any Orders that may have been issued in those matters were issued in violation of the automatic stay because they were issued after the commencement of

9

Layfield's bankruptcy proceeding and thus should be given no force and effect and certainly no benefit of *collateral estoppel or res judicata.*

### 6. CONCLUSION

For the foregoing reasons, the Court should dismiss Pachulski's complaint with prejudice since he cannot plausibly allege any claims against Debtor/Layfield

Dated: August 11, 2019

Philip Layfield