James K.T. Hunter (CA Bar No. 73369)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: jhunter@pszjlaw.com

Attorneys for Plaintiff Richard M. Pachulski, Chapter 11
Trustee for the Bankruptcy Estate of Layfield & Barrett, APC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>PHILIP JAMES LAYFIELD,<br><br>Debtor. | Case No.: 2:18-bk-15829-NB<br><br>Chapter 7 |
| RICHARD M. PACHULSKI, Chapter 11 Trustee for the bankruptcy estate of Layfield & Barrett, APC,<br><br>Plaintiff,<br><br>vs.<br><br>PHILIP JAMES LAYFIELD, an individual,<br><br>Defendant. | Adv. Case No.: 2:19-ap-01071-NB<br><br>**PLAINTIFF'S OPPOSITION TO PHILIP LAYFIELD'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:     September 10, 2019<br>Time:     2:00 p.m.<br>Place:    Courtroom 1545<br>          255 E. Temple Street<br>          Los Angeles, CA 90012<br><br>Judge:   Honorable Neil W. Bason |

## I

## INTRODUCTION

The gravamen of the Complaint to Determine the Nondischargeability of Certain Debts Owed by Philip James Layfield to Plaintiff Richard M. Pachulski, Chapter 11 Trustee of the Bankruptcy Estate of Layfield & Barrett, APC, Pursuant to 11 U.S.C. § 523 (the "Complaint")  is set forth in Paragraphs 9 through 14 as follows:

"9.    First, as set forth in the *Decision and Order of Involuntary Inactive Enrollment* (the "Bar Court Order"), entered by

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

the State Bar Court of California *In the Matter of Philip James Layfield* (Case Nos. 17-O-04140 (17-O-04198; 17-O-04754)), on May 18, 2018, Defendant was determined to have intentionally misappropriated funds relating to the representation of four former L&B clients, including Josephine Nguyen ("Nguyen"), thereby depriving L&B of fee income and reimbursement of costs in connection with such clients' retention of L&B.

"10.    Second, the Superior Court of California for the County of Orange, in the matter entitled *Josephine Nguyen v. Philip Layfield* (Case No. 310-2017-00930393-CU-BC-CJC), entered its Minute Order pursuant to a default prove-up hearing (the "Minute Order") and determined, among other findings, that the retention agreement with Nguyen was void, that there was no *quantum meruit* entitlement to fees and that Layfield's fraud…permeated the entire relationship."

"11.    Plaintiff is informed and believes, and based thereon alleges, that but for Defendant's actions, as determined by the Bar Court Order and Minute Order, L&B would have been entitled to receive a forty percent (40%) contingency fee in connection with Nguyen's legal matter.

"12.    Plaintiff is informed and believes, and based thereon alleges, that Nguyen's $3.9 million settlement was paid through two insurance company checks deposited into an L&B IOLTA account as follows:  $500,000, deposited August 26, 2016; and $3,400,000, deposited on August 29, 2016.  Plaintiff is informed and believes, and based thereon alleges, that between August 30, 2016, and December 12, 2016, Defendant transferred first from the L&B IOLTA account to an L&B operating account and then to his personal USAA bank account the aggregate amount of $685,000.  Plaintiff is informed and believes, and based thereon alleges, that also, between October 16, 2016, and February 28, 2017, Defendant wired from the firm's IOLTA account to his personal USAA account, the aggregate amount of $317,500.  Plaintiff is informed and believes, and based thereon alleges, that therefore, the grand total associated with Nguyen's legal matter that was transferred by Defendant to his personal account was $1,002,500.

"13.    Plaintiff is informed and believes that, in addition to the amount of $1,002,500 that was transferred by Defendant to his personal account, Defendant converted at least approximately $8,696,367.44 in settlements due to L&B's clients, thereby damaging L&B by reason of such conversion.

"14.    By this Complaint, Plaintiff seeks a determination that Plaintiff's claims against Defendant are nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6)."

In the Memorandum attached to his Motion for Judgment on the Pleadings (the "Memorandum"), Defendant Philip Layfield ("Layfield") asserts seven separate bases on which

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Layfield contends that this Court should grant judgment in Layfield's favor pursuant to Rule 12(c) of

2  the Federal Rules of Procedure.  Plaintiff briefly responds to each of these seven assertions in turn.

3  **II**

4  **ARGUMENT**

5  First, in Part 5a of the Memorandum (at pages 11-12), Layfield argues that Plaintiff has

6  failed to state a claim under § 523(a)(2)(A) because:

8  "'Actual fraud' as used in § 523(a)(2)(A) means common law
   fraud , provable by showing: (1) a representation made by the debtor
9  to the creditor; (2) debtor's knowledge of the falsity when the
   representation was made; (3) debtor's intent to deceive in making such
   representation; (4) creditor's justifiable reliance; and (5) creditor's
10  damage as a result." (Memorandum, page 12, lines 11-15.)

11  In fact, as stated in 4 *Collier on Bankruptcy* Par. 523.08[1][e] (Alan N. Resnick & Henry J.

12  Sommer eds., 16th ed.) at page 523-47:

14  "In light of the varied conduct that may be characterized as
   actual fraud, all of the elements of a nondischargeability claim for
15  false representations are not necessarily applicable to a
   nondischargeability claim for actual fraud under section 523(a)(2)(A).
16  For example, a nondischargeability claim based on a scheme in which
   a debtor fraudulently transfers assets of one closely held corporation to
17  other closely held companies ... constitutes actual fraud under section
   523(a)(2)(A), even though the debtor made no misrepresentation to the
18  creditor.

19  "The key element of a nondischargeability claim for actual
   fraud under section 523(a)(2)(A) is the scienter requirement. The
20  underlying conduct must involve 'moral turpitude or intentional
   wrong.'...'"
21

22  Plaintiff's above-quoted allegations that Layfield converted millions of dollars in settlement

23  funds owed to Debtor's clients and to Debtor clearly sets forth conduct involving both moral

24  turpitude and intentional wrong.

25  Second, in Part 5b of the Memorandum (at page 13), Layfield argues that Plaintiff has failed

26  to state a claim under § 523(a)(4) because "nowhere in the Complaint does Plaintiff allege any facts

27  supporting a finding of larceny." (Memorandum, page 13, lines 24-25.)   To the contrary, that is

28  precisely what is alleged in Paragraphs 9 through 14 of the Complaint.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1     Third, in Part 5c of the Memorandum (at pages 14-15), Layfield argues that Plaintiff has

2 failed to state a claim under § 523(a)(6) because the allegations of the Complaint do not allege that

3 Plaintiff's willful and malicious behavior was "directed at L&B's property". (Memorandum, page

4 14, lines 14-15.)  Yet neither the statutory language nor the purported case authority cited by

5 Plaintiff (*In re Littleton*) include any such requirement; and, in any event, Paragraph 11 of the

6 Complaint alleges that 40% of the funds stolen from the Nguyen settlement in fact were owed to

7 L&B for its contingency fee.

8     Fourth, in Part 5d of the Memorandum (at pages 15-16), Layfield argues that Plaintiff has

9 concealed that a portion of the alleged harm to L&B's clients purportedly "will" be reimbursed by

10 the State Bar Client Security Fund. This argument does not establish a failure to state a claim but at

11 most suggests that Plaintiff may be able to argue for a reduction in the amount damages claimed by

12 Plaintiff.

13     Fifth, in Part 5e of the Memorandum (at pages 16), Layfield argues that Plaintiff makes

14 claims for damages that are remote and speculative. Once again, this argument does not establish a

15 failure to state a claim but at most suggests that Plaintiff may be able to argue for a reduction in the

16 amount damages claimed by Plaintiff.

17     Sixth and seventh, in Parts 5f and 5g of the Memorandum (at pages 16-17), Layfield argues

18 that Plaintiff will not be entitled to avail itself of the doctrines of *res judicata* or collateral estoppel in

19 proving its case. Again, these arguments do not establish a failure to state a claim but at most

20 suggests that, <u>at trial</u>, Plaintiff may not be able to avail itself of the doctrines of *res judicata* or

21 collateral estoppel in proving up its claims against Layfield.

## III

## CONCLUSION

24     The Motion should be denied. If the Court determines that any claim is presently deficiently

25 alleged, Plaintiff should be given leave to file an amended complaint addressing the deficiency.

26     Layfield's criminal trial has been continued and is currently set for January 21, 2020, after

27 the date of November 5, 2019, which is currently set for the next status conference herein. Plaintiff

28

4

1    accordingly requests that the Court reschedule the next status conference herein for a date in March

2    of 2020 as is convenient for the Court's calendar.

3

4    Dated: August 27, 2019                          PACHULSKI STANG ZIEHL & JONES LLP

5
                                                     /s/ James K.T. Hunter
6                                                    James K.T. Hunter

7                                                    Attorneys for Plaintiff Richard M. Pachulski, Chapter
                                                     11 Trustee for the bankruptcy estate of Layfield &
8                                                    Barrett, APC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067

A true and correct copy of the foregoing document entitled (*specify*):
**PLAINTIFF'S OPPOSITION TO PHILIP LAYFIELD'S MOTION FOR JUDGMENT ON THE PLEADINGS**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 27, 2019**        , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Wesley H Avery (TR)**    wes@averytrustee.com,
  C117@ecfcbis.com;lucy@averytrustee.com;Isabel@averytrustee.com
- **James KT Hunter**    jhunter@pszjlaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) August 17, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **August 27, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA HAND DELIVERY**
Honorable Neil W. Bason
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1552 / Courtroom 1545
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 27,  2019 | MARY DE LEON | /s/ Mary de Leon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**Mailing Information for Case 2:19-ap-01071-NB**

**2.** **SERVED BY UNITED STATES MAIL**:

    Philip James Layfield
    c/o Maximum Legal Holdings, LLC
    8 The Green, Suite 6426
    Dover, DE 19901

    Philip James Layfield, Pro Se
    8 The Green, Suite 6426
    Dover, DE 19901

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:324121.1 51414/001

**F 9013-3.1.PROOF.SERVICE**